## CAVALLARO v. CAVALLARO.

No. 12279.

Court of Civil Appeals of Texas. Galveston.

May 31, 1951.

Jack W. Knight and Frank O. Barnes, of Houston, for appellant.

Clawson, Allbritton & Clawson and J. F. Clawson, all of Houston, for appellee. .

GRAVES, Justice.

This appeal by the husband, Carmen Cavallaro, is from a judgment of the 133rd District Court of Harris County, Texas, Honorable Wilmer B. Hunt presiding, without a jury, granting the wife, Mildred Cavallaro, a divorce against him on the ground that his cruel treatment had rendered their further living together insupportable, and awarding custody of their minor daughter to the appellee.

The court supported its decree with full findings-of-fact and conclusions-of-law, wherein it, first, found the existence of all necessary facts to support not only its jurisdiction over the parties and the subject-matter, but to support its determination of the cruel treatment by the husband and the fitness of the wife for the custody of their child;

Second, it then stated, in substance, these two conclusions-of-law:

"(1) Defendant was guilty of excesses, cruel treatment, and outrages toward the Plaintiff, as described in paragraphs III & IV of the Findings-of-Fact herein, that were of such a nature as to render their living together insupportable."

"(2) This Court had jurisdiction to determine and adjudicate the question of the custody and support of the minor child of the parties."

In protest here, against such action below, appellant urges substantially these three points-of-error:

"(1) appellee did not establish grounds for divorce, as the testimony offered by appellee fell short and was not of such clear and satisfactory nature as to entitle appellee to a divorce under the Texas Laws;"

"(2) the undisputed evidence shows that appellee had judicially admitted by sworn pleadings filed in the District Court of Jefferson County, Texas, that she had abandoned the action filed in the District Court of Harris County;"

"(3) the undisputed testimony shows that said minor child was not at the time of judgment within the boundaries of the State of Texas, and hence the Trial Court had no jurisdiction on the issue of child custody."

None of these presentments, it is determined, should be sustained.

In the first place, the law of this case has been quite recently,—on the basis of facts not in legal effect different from those here obtaining,—determined adversely to appellant's controlling contention by the Supreme Court of Texas, in Howell v. Howell, 147 Tex. 14, 210 S.W. 2d 978, wherein it held that the only ultimate issue-of-fact in such a suit to be determined, either by the court or the jury hearing it, is "whether acts and conduct of defendant husband, constitute such ill treatment as to render spouses' living together insupportable".

There has, in this instance, been no successful attack made upon the very full findings stated by the trial court, both upon the stated single issue and the subsidiary one of what should be done about the custody of the child.

In other words, the evidence fully supported the trial court's findings of the insupportable conduct by the appellant, and of the proper basis for the giving of the

custody of the little minor daughter to the appellee.

It is deemed unnecessary to repeat in detail any of the recited findings, since this Court, upon both such questions-of-fact, finds that the testimony shown in the record —especially the statement-of-facts—fully supports the trial court's action.

■ Neither is there any merit in appellant's claims that the trial court was without jurisdiction to take the action it did, because the appellee had not abandoned her prior, similar suit she had filed against him in the District Court of Jefferson County, and because the child had not been, at the time of this judgment, within the boundaries of the State of Texas. In the first place, the appellee testified that she had not authorized any such a suit to be filed in the District Court of Jefferson County, and— presumptively, at least,—the trial court here so found on the facts; in the next place, this record discloses that the appellant here not only answered the appellee's petition against him in this Court and cause in Harris County, but that he fully submitted himself to the jurisdiction of that cause there by filling a cross-action for divorce in his own behalf against the appellee therein, and appeared and contested the same therein; hence, he could not complain thereof. Harris v. Harris, 'Tex. Civ. App., 190 S.W. 2d at pages 489 and 490.

It is true that the findings and the record show that after he had so filed his answer and cross-action, and submitted himself to the jurisdiction of the trial court herein, the appellant then went to the State of New York, taking the child with him, and remained there until after this cause was tried in Harris County;

■ But, in such circumstances, under our authorities, the jurisdiction of the trial court over both the cause and the parties thereto, and over the question of the custody of their child, was complete. Swanson v. Swanson, Tex. Civ. App., 229 S.W. 2d 843, 846 and Peacock v. Bradshaw, 145 Tex. 68, 194 S.W. 2d 551, 556.

These conclusions require affirmance of the judgment. It will be so ordered.

Affirmed.