COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

$5,420.00 U.S. CURRENCY,                                            No. 08-08-00107-CV

§

        Appellant,                                            Appeal from

§

v.                                                                                143rd District Court

§

THE STATE OF TEXAS,                                            of El Paso County, Texas

§

        Appellee.                                            (TC # 07-02-21423-CVW)

§

## **O P I N I O N**

Charles Ray Holmes, *pro se*, appeals from a judgment forfeiting $5,420.00 in U.S. currency to the Ward County Sheriff's Office.  Finding no error, we affirm.

## **FACTUAL SUMMARY**

On February 9, 2007, the State filed notice of seizure and intended forfeiture of $5,420.00 in U.S. currency pursuant to Chapter 59 of the Texas Code of Criminal Procedure and it identified Holmes as the possessor and owner of the property.  The State alleged that the property was contraband as defined by Article 59.01 of the Code of Criminal Procedure and subject to forfeiture because it was used or intended to be used in the commission of certain felonies, it was the proceeds gained from the commission of a felony identified in Chapter 59.01, or it was acquired with proceeds gained from the commission of a felony identified in Chapter 59.01.  As required by Article 59.04(b) of the Code of Criminal Procedure, the State attached to its notice the affidavit of the seizing officer, Deputy Sheriff Jaime S. Ybarra.  Holmes, acting *pro se*, did not file a formal answer but he filed a written pleading on December 31, 2007, asserting that the property should not be forfeited because the related criminal charges had been dismissed and he could produce payroll records to prove that

the currency was obtained through employment. The trial court conducted a bench trial on February 29, 2008, but Holmes did not appear for trial because he was incarcerated in a federal prison in Oklahoma.[1] The trial court entered a no answer default judgment in favor of the State on March 14, 2008. Holmes filed a timely notice of appeal.

### HOLMES' DEFENSES TO FORFEITURE

On appeal, Holmes challenges the default forfeiture judgment by attempting to prove his defenses through the attachment of evidence to his brief. In Issue One, he argues that the criminal cases against him were dismissed, and therefore, the money was improperly forfeited. In support of his argument, Holmes has attached to his brief a copy of an order dismissing a criminal prosecution for tampering with physical evidence (cause number 07-08-04884-CRW in the 143rd District Court of Ward County and styled *The State of Texas v. Charles Ray Holmes*) for the stated reason: "Defendant is serving a federal sentence and in the interest of justice the State declines to pursue this charge at this time." Similarly, in Issue Two, Holmes asserts that the money forfeited was not contraband but had been earned by him while employed with Lariat Services, Inc.

He has attached to his brief what appears to be a copy of his W-2 for 2006. The record before us does not include a reporter's record. None of the documents attached to Holmes' brief can be considered by the court because they have not been formally included in the record on appeal. *Burke v. Ins. Auto. Auctions*, 169 S.W.3d 771, 775 (Tex.App.--Dallas 2005, pet. denied); *Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex.App.--Dallas 2005, no pet.); *see Adams v. Reynolds Tile and Flooring, Inc.*, 120 S.W.3d 417, 423 (Tex.App.--Houston [14th Dist.] 2003, no pet.)(stating that the attachment of documents as appendices to briefs does not constitute formal inclusion in the record on appeal).

---

[1] According to letters written by Holmes to the trial court judge, Holmes was incarcerated in federal prison in Oklahoma at the time of the bench trial.

Accordingly, we overrule Issues One and Two.  As Appellant does not argue any other grounds for reversing the default forfeiture, we affirm the judgment of the trial court.

January 6, 2010

 

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.