COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHARLOTTE WASHBURN OMOHUNDRO, | § | No. 08-11-00113-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 43rd District Court |
| | § | |
| AMELINDA CRISPINA RAMIREZ-JUSTUS, INDIVIDUALLY | § | of Parker County, Texas |
| AND AS TRUSTEE OF THE MIRIAM N. WASHBURN REVOCABLE LIVING | § | (TC#CV-10-0747) |
| TRUST, | | |

Appellee.

## **O P I N I O N**

Appellant, Charlotte Washburn Omohundro (Omohundro), appeals the trial court's summary judgment in favor of Appellee, Amelinda Crispina Ramirez-Justus (Amelinda), individually, and as Trustee of the Miriam N. Washburn Revocable Living Trust. We affirm.

## **BACKGROUND**

In 1976, Miriam N. Washburn, as Trustor, executed a revocable trust agreement (the trust), to which she added provisions establishing the trustee's powers by amendment in 1978.

On November 8, 2001, Washburn executed both a pour-over will and amendment to her 1976 trust. In the pour-over will, Washburn directed that in the event of her death, her personal and household effects and residual estate, after the payment of debts, taxes, and administration expenses, were to be transferred to her trust, of which she was trustee, and designated Amelinda Ramirez to serve as independent executor of her estate and Ricardo Ramirez to serve as the successor executor if Amelinda predeceased Washburn. Washburn's six-page pour-over will

also specifies that if, for any reason, the trust is not in existence at the time of her death or if a court of competent jurisdiction declares the testamentary disposition to the trustee to be invalid, Washburn gives all of her estate, including the residue and remainder thereof, to the person who should have been the trustee under the trust, as trustee and to applicable trustee substitutes and successors, and incorporated the trust by reference into the pour-over will. Washburn included an *in terrorem* provision to the will explaining that she had intentionally omitted persons and entities not named therein, and providing that to any person or entity who challenges any term or condition of the will, the sum of $1 only shall be bequeathed in lieu of any other benefit, grant, bequest, or interest which that person may have in Washburn's estate or the trust and its estate.

In the 2001 amendment to her trust, Washburn designated Amelinda to serve as successor trustee of the trust upon Washburn's death. Under the terms of the trust, after giving effect to Washburn's "special directives" which included specific bequests of money and personal property to Omohundro and other individuals, the net income and principal of the trust estate would be distributed to Amelinda in a fractional share of 80 percent with the remaining 20 percent distributed to Ricardo Ramirez.

## PROCEDURAL HISTORY

Washburn died on December 5, 2005.[1] On January 12, 2006, the County Court of Parker County probated Washburn's will and ordered that letters testamentary issue to Amelinda as independent executor of Washburn's will and estate. On December 18, 2009, Omohundro filed a petition entitled, "Original Petition to Set Aside 2001 Amended Trust, For Declaratory Judgment and For Other Relief," against Amelinda, individually and as trustee of the trust in the Probate

---

[1] In her response to the summary-judgment motion, Omohundro asserts without dispute that Washburn died on December 5, 2005, that Amelinda is Washburn's granddaughter, and that Ramirez is Washburn's former son-in-law who had divorced Washburn's daughter, Eva Maria Dimmitt.

2

Court of Tarrant County. The Tarrant County Probate Court granted Amelinda's motion to transfer venue and ordered the cause transferred to the 43rd District Court of Parker County, Texas.

In her petition, Omohundro stated that she was seeking a finding from the court that the 2001 Amendment to Washburn's trust was invalid *ab initio*, as well as findings of lack of mental capacity, undue influence, fraud, breach of fiduciary duties, and tortious interference with inheritance. Omohundro also requested that the trial court grant declaratory relief, restore the 1976 trust, and grant Omohundro attorney's fees against Amelinda, individually, or alternatively against the trust.

Amelinda filed an answer generally denying Omohundro's allegations, and made a special exception to the petition noting that Omohundro lacks standing to pursue the alleged claims because she is neither a beneficiary of Washburn's estate or of any trust identified in her pleadings nor an interested person with respect to Washburn's estate. Amelinda also affirmatively pleaded the defense of statute of limitations to each and every cause of action raised in Omohundro's petition.

Concurrently with her answer, Amelinda filed a motion for summary judgment. In her motion, Amelinda asserted that because Washburn's will had been admitted to probate, Washburn's entire estate had been disposed in accordance with the terms and conditions of the 2001 trust, and reasoned that Omohundro's arguments were irrelevant because Washburn's will contained a provision which provided that if the trust was either not in existence or was declared by a court of competent jurisdiction to be invalid, then all of Washburn's estate would be given to the person who would have been the trustee under the trust, which Washburn incorporated by

reference into her will for that purpose. Amelinda next challenged Omohundro's standing to assert her claims, arguing that Omohundro is not a beneficiary of the 1976 trust or its 1978 amendment and failed to establish in her petition the means by which she would be entitled to receive any portion of Washburn's estate. Finally, Amelinda contended that Omohundro was attempting to pursue an indirect and impermissible contest of Washburn's pour-over will, which is time-barred by Section 93 of the Texas Probate Code because Omohundro filed her action on December 18, 2009, more than two years after Washburn's will was admitted to probate. TEX. PROB. CODE ANN. § 93 (West 2003).

In her response to Amelinda's summary-judgment motion, Omohundro challenged the motion as being an improper vehicle for asserting a plea to the jurisdiction upon the basis of standing, asserted that the motion did not contain a pleading for affirmative relief upon the basis of any statute of limitations regarding the 2001 trust and that the trial court could not, therefore, grant relief thereon in relation to Omohundro's claims. Omohundro also objected to the motion upon the alleged bases that it: (1) did not plead for the court to construe the will but asked that the court conclude, as a matter of law, that the will effectively disposed of the entirety of Washburn's estate; (2) did not specify the relief being sought; (3) is premature because it attempts to determine what will happen to the estate before property is in the estate; and (4) fails to show that no fact issues exist. In support of her opposition to the motion, Omohundro presented selected portions of deposition excerpts of the testimony of Amelinda and Glen Wood, who prepared the 2001 trust amendment. Omohundro argued that because she was bequeathed certain sums and personal property under Washburn's special directives of the trust, she is a beneficiary and interested person having standing to bring suit. Lastly, Omohundro asserted that it is the 2001 trust amendment that

4

controls the ultimate distribution of Washburn's assets and that the will should be construed only if the trust is determined to be invalid.

After considering the evidence and arguments presented by counsel, the district court entered a take-nothing final summary judgment in favor of Amelinda.   Omohundro filed a motion to reconsider or for new trial and, after again hearing the evidence and arguments, the district court denied the motion.

## DISCUSSION

### *Briefing*

We first address the inadequacy of Appellant's brief.   The required contents and organization for an appellant's brief is controlled by the Texas Rules of Appellant Procedure.   *See* TEX. R. APP. P. 38.1; *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App.–El Paso 2007, no pet.). Rule 38.1(d) of the Rules of Appellate Procedure directs that the statement of the case in a litigant's brief should be supported by record references and Rule 38.1(i) mandates that the brief contain a clear and concise argument for the contention made with appropriate citation to authorities and to the record to maintain the point at issue.   TEX. R. APP. P. 38.1(d), (i).   *See Slagle v. Prickett*, 345 S.W.3d 693, 700 (Tex.App.–El Paso 2011, no pet.); *Valadez*, 238 S.W.3d at 845; *see Walder v. State*, 85 S.W.3d 824, 827 (Tex.App.–Waco 2002, no pet.) ("counsel should identify the evidence or other matters in the record (*e.g.*, pleadings, arguments, or objections) pertinent to the issue or point 'with appropriate citations . . . to the record[.]'").

A party asserting error on appeal bears the burden of showing that the record supports the contention raised and of specifying the place in the record where matters upon which it relies or of which it complains are shown.   *Sisters of Charity of Incarnate Word, Houston, Tex. v. Gobert*,

992 S.W.2d 25, 31 (Tex.App.–Houston [1st Dist.] 1997, no pet.). When appellate issues are unsupported by argument or lack citation to the record or legal authority, nothing is presented for review. *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.,* 150 S.W.3d 423, 427 (Tex. 2004); *Valadez,* 238 S.W.3d at 844–45; *Martinez v. El Paso County,* 218 S.W.3d 841, 844 (Tex.App.–El Paso 2007, pet. struck); *Plummer v. Reeves,* 93 S.W.3d 930, 931 (Tex.App.–Amarillo 2003, pet. denied); *Nguyen v. Kosnoski,* 93 S.W.3d 186, 188 (Tex.App.–Houston [14th Dist.] 2002, no pet.).

Importantly, citing to the brief's appendix is not a substitute for citing to the record. *Jackson v. Citibank (South Dakota), N.A.*, 345 S.W.3d 214, 214 (Tex.App.–Dallas 2011, no pet.). We are not required to sift through the record in search of facts supporting a party's position. TEX. R. APP. P. 38.1(f), (h); *Lawton v. State,* 913 S.W.2d 542, 554 (Tex.Crim.App. 1995) (when a party does not refer the appellate court to the precise pages in the record where the error allegedly occurred, the appellate court may properly overrule the issue as inadequately briefed); *Alvarado v. State,* 912 S.W.2d 199, 210 (Tex. Crim. App. 1995) (it is not an appellate court's task to review the record in an attempt to verify appellant's claims); *Nawas v. R & S Vending,* 920 S.W.2d 734, 737 (Tex.App.–Houston [1st Dist.] 1996, no writ) (an appellate brief must include a fair, condensed statement of facts pertinent to the points of error raised with references to pages in record where facts may be found, and appellate court is not required to search record without guidance to determine whether assertions regarding facts of case are valid). As we noted in *Valadez*:

> It is the Appellant's burden to discuss her assertions of error. An appellate court has no duty – or even right – to perform an independent review of the record and applicable law to determine whether there was error. Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party.

*Valadez*, 238 S.W.3d at 845 (citations omitted).

6

Although providing citation to legal authority, Appellant's brief contains no citation to the clerk's record, instead citing only to those documents comprising its appendix, and contains a handful of citations to the reporter's record. However, because this case was transferred from our sister court in Fort Worth, which has not opined upon the consequences of a litigant's citation to a brief's appendix rather than the clerk's record, and because of the relatively small size of the clerk's record in the instant case, we decide with great reservation that we will consider Appellant's issues in the interest of justice.[2] Our decision in this case does not overrule settled law holding that error may be waived by inadequate briefing. *Republic Underwriters,* 150 S.W.3d at 427; *Valadez,* 238 S.W.3d at 844–45; *Martinez,* 218 S.W.3d at 844; *Plummer,* 93 S.W.3d at 931; *Nguyen,* 93 S.W.3d at 188.

*Standard of Review*

We review *de novo* a trial court's decision to grant a motion for summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When moving for summary judgment, the movant bears the burden of showing that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In determining whether there are disputed issues of material fact, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Nixon*, 690 S.W.2d at 548–49. When the defendant moves for summary judgment, he must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense to be entitled to summary judgment as a matter of law. *Sci. Spectrum, Inc. v.*

---

[2] TEX. R. APP. P. 41.3.

7

*Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).   The burden then shifts to the plaintiff to produce competent controverting summary judgment evidence that raises a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).   If no genuine issue of material fact exists, summary judgment, therefore, should be granted as a matter of law.   *Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex. 2001).

However, where the district court does not state the basis for granting summary judgment, the appealing party must negate all grounds that support the judgment.   *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *State Farm Fire & Cas. Co. v. S.S. & G.W.*, 858 S.W.2d 374, 381 (Tex. 1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).   If the appealing party fails to negate each ground, we must uphold the trial court's summary judgment if any of the theories advanced are meritorious.   *See Carr*, 776 S.W.2d at 569; *Cunningham v. Zurich American Ins. Co.*, 352 S.W.3d 519, 524 (Tex.App.–Fort Worth 2011, pet. denied); *Hanson v. Greystar Development & Const., LP*, 317 S.W.3d 850, 855 (Tex.App.–Fort Worth 2010, pet. denied).

*Analysis*

Omohundro raises five issues on appeal.   The trial court did not state the basis for granting summary judgment in favor of Amelinda.   However, having reviewed the record, we determine that Omohundro's suit is time-barred.   Subject to exceptions that have not been shown to be applicable under the facts of this case, Section 93 of the Probate Code provides that an interested party may institute suit in the proper court to contest the validity of a will if the suit is brought within two years after the will has been admitted to probate.   TEX. PROB. CODE ANN. § 93. As raised by Amelinda in her motion for summary judgment, Omohundro did not file suit until

December 18, 2009, more than two years after Washburn's will was probated on January 12, 2006.

Because Omohundro has failed to negate each ground supporting the summary judgment, including Amelinda's assertion that Omohundro's suit is untimely, and because the statute-of-limitations ground is meritorious, we must uphold the trial court's summary judgment. TEX. PROB. CODE ANN. § 93; s*ee Carr*, 776 S.W.2d at 569; *Cunningham*, 352 S.W.3d at 524; *Hanson*, 317 S.W.3d at 855.   Having determined that Omohundro's suit is time-barred, we need not address Omohundro's issues.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

November 30, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

9