

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| NICHOLAS J. BONACCI, | § | |
| | | No. 08-11-00255-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 388th District Court |
| | § | |
| MYRIAM BARRAGAN BONACCI, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 2010CM3807) |
| | § | |

**O P I N I O N**

On June 7, 2010, Appellee, Myriam Barragan Bonacci, filed a petition for divorce seeking to dissolve her marriage to Appellant, Nicholas J. Bonacci. On June 8, 2011, the parties signed and entered into a binding mediated settlement agreement regarding the dissolution of their marriage under Texas Family Code section 6.602. TEX. FAM. CODE ANN. § 6.602 (West 2006). The trial court thereafter entered a final decree of divorce on August 2, 2011. Appellant presents five issues for our consideration.

**BACKGROUND**

After Appellee filed her original petition for divorce in El Paso County, Appellant filed a plea in abatement in which he asserted that he had previously filed a petition for divorce in Montgomery County, Texas on May 19, 2010.

On August 3, 2010, Appellant filed a counter-petition for divorce in the 388th District Court of El Paso County. The parties executed a Rule-11 agreement that was filed with the clerk of the court on September 9, 2010, which expressly states that "Venue will remain in El Paso County for the finalization of the divorce." In his "Motion to Enter Agreement & Final Determination of Venue Order," Appellant sought the entry of a formal order regarding the Rule-11 agreement.

On April 15, 2011, the trial court held a dismissal hearing at which Appellee's counsel, Mr. Pine, informed the trial court that Appellant did not want to abandon his suit in Montgomery County and Appellee did not want her suit in El Paso dismissed. The trial court explained that it wanted the option of reading the file and stated that if it determined it was without jurisdiction over the suit, it would issue an order of dismissal in ten days. The trial court did not issue a dismissal order. On April 28, 2011, Appellant filed a *pro se* "Respondent's Brief Summary for Dismissal" asserting that he had appeared before the 418th District Court of Montgomery County on April 25, 2011, to request a continuance of those proceedings, and complained that Appellee's attorney had failed to prepare an order and "enter" the Rule-11 venue agreement.

Thereafter, Appellant executed a binding, mediated settlement agreement that was signed by the parties, their attorneys, and the mediator, and filed with the 388th District Court in El Paso. The mediated settlement agreement expressly sets forth in bold, underlined, and capitalized text that the agreement is binding and not subject to revocation, and that either party is entitled to judgment on the agreement.

On June 15, 2011, the court held a docket call at which Appellant appeared without counsel. Appellant informed the trial court that he was "*pro se* today," and that his counsel was "aware of the fact that I'm here, but I'm still shown as attorney of record on file. . . . I'm shown as

2

*pro se* currently now." In response to the trial court's request for clarification, Appellant explained, "Ms. Strathman represented me the other day, last week in a mediation, and I'm currently here today because she's on vacation. . . . [O]nce we get to the matter of how to go to a final hearing, I'm going to address some of the outstanding issues. . . . I entered another motion which . . . concerns activities that take place post-mediation . . . ." Mr. Pine noted that he did not believe Ms. Strathmann knew that any pending issues needed to be mediated and that the court's file should contain a mediated summary, and further explained that he was present for the purpose of obtaining a setting for "an uncontested final" hearing. The trial court noted the importance of having Ms. Strathmann and Appellee present and set the case for a status hearing to be held July 12, 2011.

On June 30, 2011, an "uncontested hearing" was conducted. Appellee, Mr. Pine, and Ms. Strathmann were present but Appellant was not. Mr. Pine explained to the trial court that the only matter that needed to be placed on the record was jurisdictional testimony from Appellee, and that he had submitted a proposed decree to Ms. Strathmann to review with Appellant. Ms. Strathmann advised the trial court that neither she nor Appellant were aware that a hearing had been set and noted that Appellant would react adversely to a hearing occurring without him having notice of it. Mr. Pine reminded the court of the prior hearing at which Appellant, in Ms. Strathmann's absence, had filed a *pro se* motion and had at that time been provided notice of the instant proceeding. Ms. Strathmann requested two weeks to review the decree with Appellant and agreed that a full settlement had been reached. The trial court was informed that a settlement agreement signed by both parties and their counsel was on file. The trial court proceeded to hear Appellee's jurisdiction testimony and set July 11, 2011, as the date for submission of the case on the mediated settlement agreement.

3

At the hearing on July 11, 2011, Appellant complained that he was not notified of the earlier uncontested hearing conducted on June 30, 2011, at which Appellee testified regarding the marriage. The trial court vacated the June 30, 2011, hearing and asked Appellant if he would like the trial court to rehear the jurisdictional elements of the divorce proceedings, to which Appellant answered, "That really makes no difference to me[, but] if it please this Court, we can do that." Appellee then testified to the jurisdictional elements, that she had been a domiciliary of Texas for a six-month period and had been a resident of El Paso County for a ninety-day period prior to the time she filed for divorce. Appellant, who acted in a *pro se* capacity at the hearing, did not address or contest jurisdiction in his counter-petition for divorce, asked Appellee no questions regarding jurisdiction, registered no objection with the trial court regarding jurisdiction or Appellee's testimony, did not assert that the trial court lacked jurisdiction, and presented no evidence demonstrating that the El Paso trial court was without jurisdiction or that any other court had dominant jurisdiction.

On July 29, 2011, Appellant filed a motion to dismiss the divorce proceedings "in favor of the pending suit in the 418th District Court [of] Montgomery County[,]" and prayed that the trial court "yield dominant jurisdiction to the 418th District Court[.]" On August 2, 2011, the trial court entered a final decree of divorce and expressly found that it was vested with jurisdiction of the case and the parties.

## DISCUSSION

### *Appendix*

We note that Appellant has appended to his brief documents that are not a part of the record on appeal. Because they have not been formally included in the record on appeal, we cannot and do not consider Appellant's appended documents. *See $5,420.00 U.S. Currency v. State*, 311

4

S.W.3d 582, 583 (Tex.App. – El Paso 2010, no pet.); *Burke v. Ins. Auto. Auctions,* 169 S.W.3d 771, 775 (Tex.App. – Dallas 2005, pet. denied); *Green v. Kaposta,* 152 S.W.3d 839, 841 (Tex.App. – Dallas 2005, no pet.); *see Adams v. Reynolds Tile and Flooring, Inc.,* 120 S.W.3d 417, 423 (Tex.App. – Houston [14th Dist.] 2003, no pet.) (the attachment of documents as appendices to briefs does not constitute formal inclusion of those documents in the record on appeal); *see also Omohundro v. Ramirez-Justus*, 392 S.W.3d 218, 221 (Tex.App. – El Paso 2012, pet. denied); *Jackson v. Citibank (South Dakota), N.A.*, 345 S.W.3d 214, 214 (Tex.App. – Dallas 2011, no pet.) (citation to a brief's appendix fails to satisfy the rules requiring citation to the record on appeal as required by Rule 38.1 of the Rules of Appellate Procedure).

*Dominant Jurisdiction*

In Issue Two, Appellant contends the trial court was without jurisdiction to enter the final divorce decree on Appellee's petition for divorce filed in El Paso County because Appellant had first filed for divorce in Montgomery County.   "As a rule, when cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction and should proceed, and the other cases should abate."   *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974) ("The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts."), *citing Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926). However, "the mere physical filing of the petition is insufficient to deprive a court in which the same suit is subsequently filed of active jurisdiction."   *See Clawson v. Millard*, 934 S.W.2d 899, 900 (Tex.App. – Houston [1st Dist.] 1996, no writ).   The concept of dominant jurisdiction is only applicable if venue is proper in the county in which the suit was first filed.   *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 622 (Tex. 2005).

The dominant jurisdiction rule is subject to three exceptions and the abatement requirement is inapplicable when: (1) a party's conduct estops him or her from asserting prior active jurisdiction; (2) persons to be joined if feasible or the power to bring them before the court is lacking; or (3) intent to prosecute the first lawsuit is lacking. *See White v. Rupard*, 788 S.W.2d 175, 178-79 (Tex.App. – Houston [14th Dist.] 1990, writ denied). Upon hearing a plea in abatement, if the second court determines that an exception to dominant jurisdiction applies, it is permitted to assume dominant jurisdiction. *See Clawson*, 934 S.W.2d at 901.

In his plea in abatement, Appellant asserted that he first filed for divorce in Montgomery County and sought abatement of Appellee's suit for divorce "until the prior filed suit is heard and any controversies concerning residency and jurisdiction are resolved." Appellant contends on appeal that a plea-in-abatement hearing was held on August 3, 2010, wherein an "Associate Court made no specific finding, but [first stated that] 'both' courts had jurisdiction and later [indicated] that perhaps neither [court] had [jurisdiction]." Although the court's docket sheet reflects that a "Plea & Abatement" hearing was set for August 3, 2010, no record of such proceeding has been made a part of the record on appeal. We observe that the record on appeal contains no evidence that Appellee was timely served or ever served with citation in the Montgomery County action.

On appeal, Appellant asserts that Appellee mistakenly filed suit in the 388th District Court of El Paso County under the mistaken belief that Appellant was not entitled to file suit under the domiciliary requirements set forth in the Texas Family Code. We find no evidence of this in the record, and Appellant fails to direct us to any portion of the record showing that he presented to the trial court any evidence supporting this argument.

Appellant's conduct throughout the trial proceedings is contrary to the complaints he now raises on appeal. Despite filing a plea in abatement, Appellant subsequently filed his

counter-petition for divorce in the 388th District Court. Appellant also executed a Rule-11 agreement agreeing that venue for the divorce would be in El Paso County, participated in mediation, and executed a binding, irrevocable mediated settlement agreement that was filed with the 388th District Court. Moreover, by filing his cross-petition for divorce, wherein he prayed that the 388th District Court would grant him a divorce and other relief, Appellant submitted himself to the El Paso trial court's jurisdiction. *See Cavallaro v. Cavallaro*, 241 S.W.2d 247, 249 (Tex.Civ.App. – Galveston 1951, no writ) (where husband who first filed for divorce in one county subsequently filed a cross action for divorce on his behalf and against his wife in second county where she had instituted a divorce action, and husband appeared and contested the same in the second court, husband fully submitted himself to the jurisdiction of the second court and could not be heard to complain), *citing Harris v. Harris*, 190 S.W.2d 489, 489-90 (Tex.Civ.App. – Galveston 1945, no writ). Appellant expressly noted to the trial court that he had filed his petition for divorce in Montgomery County but had agreed to assist Appellee by "coming to this Court." Here, because Appellant's conduct estops him from asserting prior active jurisdiction, the dominant jurisdiction rule does not afford Appellant the relief he seeks. *See White*, 788 S.W.2d at 178-79. We conclude the 388th District Court of El Paso County had jurisdiction over Appellee's divorce action and Appellant's cross-action. *Id.* Issue Two is overruled.

In Issue One, Appellant contends the trial court reversibly erred by failing to "prove up" the divorce.[1] Appellee provided testimony on the jurisdictional elements and Appellant registered no objection with the trial court regarding Appellee's testimony, and presented no contrary evidence. TEX. R. APP. P. 33.1 (to preserve error for appellate review, a party must timely register a complaint with the court and obtain the trial court's ruling or object to the trial

---

[1] "Prove up" is a term commonly used to refer to a proceeding in which jurisdictional testimony is presented to finalize an uncontested divorce.

court's refusal to rule thereon). Appellant also complains that the trial court erroneously denied him a pre-decree contested hearing regarding Appellee's non-compliance with the mediated settlement agreement. Appellant acknowledges, however, that the trial court explained to him that she was without authority to enforce the terms of the mediated settlement agreement until after the entry of a decree of divorce, which had not yet occurred, and Appellant fails to direct us to any authority demonstrating that the trial court was required to grant him a contested hearing regarding Appellee's failure to comply with the mediated settlement agreement in advance of the trial court's entry of the divorce decree. Issue One is overruled.

In Issue Three, Appellant asserts his trial counsel was incompetent and facilitated a gross miscarriage of justice, and that the trial court clearly abused its discretion by denying Appellant his right to counsel. Appellant contends that he was "sold out" and that the 388th District Court became aware of "the conflict" and "wittingly denied [Appellant] access to legal counsel" after permitting Ms. Strathmann to withdraw. Appellant's complaints arise in regard to the earlier "uncontested hearing" conducted on June 30, 2011, from which Appellant was absent and which the trial court later vacated.

At the final July 11, 2011, hearing the trial court noted Appellant's attorney's absence. Appellant unequivocally stated that he had been a *pro se* litigant "since the beginning of [the] suit," and that Ms. Strathmann was "merely assisting" him in the mediation. Appellant maintained that he was continuing to represent himself in a *pro se* capacity and asked the court to permit him to proceed during the hearing without counsel.

Ms. Strathmann arrived shortly thereafter, and the trial court granted her leave to file an oral motion to withdraw as counsel and required that she file a written motion the following day. Appellant stated under oath that he did not object to Ms. Strathmann's motion to withdraw, which

8

the trial court granted. Appellant voiced complaints about Appellee's counsel and informed the trial court that he was "considering other counsel." However, Appellant never filed an objection with the trial court asserting that he was being denied counsel and never pressed the trial court to rule on any objection regarding a purported denial of counsel. Accordingly, because Appellant failed to preserve error regarding his denial-of-counsel complaint, Issue Three is overruled. *See* TEX. R. APP. P. 33.1.

Appellant's fourth issue is multifarious. Appellant complains that the trial court clearly and prejudicially misapplied the law when it failed to act on his motions and carry out its ministerial duties, thereby inflicting great harm to his due process rights, and that its failure to gather and maintain a record imperiled his rights, and calls into question the legitimacy of the proceedings below. Appellant neither specifies the motions on which the trial court failed to act nor provides citation to the record demonstrating that he presented the motion to the court and sought a ruling and objected to the ruling or to the court's failure to rule thereon. *See* TEX. R. APP. P. 33.1.

Appellant complains that he was not notified of the June 30, 2011, hearing and that he was not provided a record thereof. The record of the June 30, 2011, hearing is part of the record on appeal. As we previously noted, the court vacated the June 30, 2011, proceeding conducted in Appellant's absence. Appellant also complains that no record was made of a pre-trial hearing in January 2011, but presents nothing in the record or in a bill of review for our consideration regarding this complaint. *See* TEX. R. APP. P. 33.1.

Appellant again raises in the midst of his fourth issue complaints regarding jurisdiction as well as an assertion that the trial court failed to abide by Canon 3B(8) of the Judicial Canon of Ethics. We have determined that Appellant, by his conduct, availed himself of the 388th District

9

Court's jurisdiction and note that the June 30, 2011, hearing of which he complains was vacated. Issue Four is overruled.

In Issue Five, Appellant complains that the El Paso County Commission effectively denied him due process because of its "unreasonable and capricious dismissal of two-thirds of the justices in the 388th District Court[.]" As this complaint was not before the trial court, Issue Five is overruled.

In his reply brief, Appellant presents an "*Ad hoc* Reply Germane to Appellee's Request for Attorney's Fees," and argues that Appellee is not entitled to attorney fees for failure of presentment. We do not find in our review of Appellee's brief any argument or prayer regarding attorney's fees. TEX. R. APP. P. 38.3 (appellant may file a reply brief addressing any matter in the appellee's brief). To the contrary, Appellee has prayed that we affirm the trial court's judgment in its entirety and that all costs associated with this appeal be taxed against Appellant. We therefore do not address Appellant's contention regarding attorney's fees.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

December 27, 2013

Before Rivera, J., Antcliff, J., and Chew, C.J. (Senior Judge)
Antcliff, J., not participating
Chew, C.J. (Senior Judge), sitting by assignment

10