

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00047-CV

RAMON RUIZ                                                        APPELLANT

V.

SELENE PEREGRINO RUIZ                                              APPELLEE

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2012-30679-211

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ramon Ruiz appeals from a final divorce decree. In four points, he argues that the trial court abused its discretion by denying his motion for new trial, by mischaracterizing property owned by neither party as community property resulting in an inequitable division of the parties' community property, by

---

[1]*See* Tex. R. App. P. 47.4.

denying his motion for a continuance to obtain new counsel, and by permitting his counsel to withdraw on the day of trial. We affirm.

## Background Facts

Appellant and appellee Selene Peregrino Ruiz married in 1990 and have one child. In August 2012, appellee filed for divorce. After initially representing himself, appellant retained counsel. During discovery, appellant did not respond to a request for disclosures and a request for production. Additionally, appellant failed to attend a scheduled mediation and consented to the withdrawal of two attorneys before the case was set for trial.

Eight days before trial, appellant's third counsel filed a motion to withdraw, claiming he was "unable to effectively communicate with [appellant] in a manner consistent with good attorney-client relations." With appellant's agreement, the trial court granted counsel's motion immediately prior to trial. At trial, appellant refused to testify or present any evidence without a lawyer present. After the trial court signed the decree, appellant retained new counsel and filed a motion for new trial in which he challenged the property division in the decree. After a hearing, the trial court denied appellant's motion for new trial, and this appeal followed.

## Property Division

In his first point, appellant argues that the trial court abused its discretion by denying his motion for new trial because he presented clear and convincing evidence proving that the trial court improperly considered property owned by

2

neither party as community property, thus resulting in an inequitable division of the marital estate. *See* Tex. R. Civ. P. 320. In his third point, appellant argues that the trial court reversibly erred by mischaracterizing property owned by neither party as community property, thus failing to divide the parties' community property in a "just and right" manner.

**Standard of Review and Applicable Law**

We review a trial court's ruling on a motion for new trial for an abuse of discretion. *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 687 (Tex. 2012) (orig. proceeding). A new trial may be granted upon a showing of good cause. Tex. R. Civ. P. 320; *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 210 (Tex. 2009) (orig. proceeding). Although the Texas Rules of Civil Procedure do not define "good cause," courts have interpreted the term to mean not just any cause. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 210 n.3. For example, mistakes made by a party or his attorney in trial strategy do not constitute good cause for the granting of a new trial. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). Similarly, an appellant's failure to fully develop or use available evidence does not constitute good cause. *See White v. Wah*, 789 S.W.2d 312, 320 (Tex. App.—Houston [1st Dist.] 1990, no writ).

The trial court enjoys great latitude when dividing the estate of the parties. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). Because the trial court enjoys the presumption of propriety, any party opposing the partition bears a heavy

3

burden of proof. *Id.* at 699; *Wilson v. Wilson*, 44 S.W.3d 597, 600 (Tex. App.—Fort Worth 2001, no pet.). Thus, a property division should only be disturbed on appeal when an appellant can prove an abuse of discretion. *Wilson*, 44 S.W.3d at 600. While legal and factual sufficiency are relevant factors in assessing whether the trial court abused its discretion, they are not independent grounds of error. *Zeptner v. Zeptner*, 111 S.W.3d 727, 734 (Tex. App.—Fort Worth 2003, no pet.) (op. on reh'g).

**Application**

Appellant's motion for new trial identifies twenty-seven automobiles and one tract of residential real property awarded to him in the decree that he claims he does not own. Appellant attempted to introduce certified copies of deed records and motor vehicle records at the new-trial hearing to prove that he did not own this property, but the trial court refused to admit the evidence because appellant had not responded to discovery requests seeking information about his business and personal assets. The trial court did admit the evidence for record purposes, however.

Appellant contends that the trial court reversibly erred by not considering the evidence he proffered at the motion for new trial hearing. However, even considering this evidence, appellant has not shown that the resulting property division was inequitable.

The trial court awarded appellee the parties' residence, valued at approximately $201,040, all personal items and accounts in her possession and

4

under her control, and a 2007 vehicle valued at about $3,000. The trial court awarded appellant three tracts of real property: 2800 Mistywood valued at approximately $114,000, 1843 Castille Drive valued at approximately $130,403, and 1010 Audra Lane, valued at approximately $62,414. The trial court also awarded appellant, in addition to personal items and accounts in his possession, (1) a 2008 truck valued at approximately $5,000, (2) "[a]ll the motor vehicles listed on the DPS website registered in [his] name," (3) "[o]ne hundred (100%) of the business, Shar Custom Homes, LLC," and (4) "[a]ll property, profits, interest, [and] banking accounts associated with Shar Custom Homes, LLC."

At trial, appellee testified that although appellant had sold the property on Mistywood, he had provided owner financing and was receiving monthly payments on the loan. She also provided evidence showing that Shar Custom Homes, LLC owned the property on Audra Lane and that appellant was the owner, sole officer, and registered agent of Shar Custom Homes, LLC, formed on August 13, 2004. Appellee additionally testified that appellant had an auto sales business, and she presented evidence that either he or Shar Custom Homes owned at least seventeen vehicles, as well as evidence that either he or Shar Custom Homes was a first or second lienholder on at least thirty-two vehicles. Appellee also testified that she was seeking ownership of the parties' residence because she was the person who would have primary custody of their son.

At the new-trial hearing, appellant presented evidence that a different Ramon Ruiz owned the property on Castille. However, he did not present

5

evidence refuting appellee's testimony that he received a monthly income stream from the sale of Mistywood, nor did he challenge his ownership of Shar Custom Homes or its ownership of the property on Audra Lane. Additionally, while he presented evidence that he was no longer an owner or lienholder of eight of the vehicles registered with the State, he did not refute appellee's evidence that he still owned at least ten vehicles and was a first lienholder on at least thirty-one.[2]

Further, appellee testified that she disclaimed any interest in Shar Custom Homes, appellant's automobile business, and any property owned by those businesses. The clear intent of appellee's proposed property division was that, having primary custody of their son, she be awarded the house. In exchange, she disclaimed any interest in any property—owned by appellant outright or from which he was obtaining income—related to his business ventures. Accordingly, we conclude and hold that—even considering the evidence that the trial court refused to consider at the new trial hearing—appellant did not show that the property division was unjust or inequitable. Thus, he has not shown any reversible error by the trial court related to the property division in the decree. *See* Tex. R. App. P. 44.1(a).

Accordingly, we overrule appellant's first and third points.

---

[2]Appellant's own new-trial evidence confirmed that he owned two vehicles that appellee had claimed he owned and was a first lienholder on nineteen.

**Motion for Continuance**

In his second point, appellant complains that the trial court abused its discretion by denying his motion for continuance to obtain new counsel. Appellant explains that although he never formally requested a continuance—either orally or in writing—and although he consented to his counsel's withdrawal, the trial court erred by refusing to delay proceedings so that he could hire new representation.

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). When the ground for continuance is the withdrawal of counsel, the movant must show that the failure to be represented at trial was not due to his or her own fault or negligence. Tex. R. Civ. P. 253; *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *Zetune v. Jafif-Zetune*, 774 S.W.2d 387, 391 (Tex. App.—Dallas 1989, writ denied), *cert. denied*, 498 U.S. 813 (1990). When considering a motion for continuance, the trial court may take into account the entire procedural history of the case. *See Qurashi v. Jabeen*, No. 14-12-00858-CV, 2013 WL 2644182, at *3 (Tex. App.—Houston [14th Dist.] June 11, 2013, pet. denied) (mem. op.).

Before filing a motion to withdraw, appellant's third attorney had filed a motion for continuance, which the trial court denied, giving the parties ten days to prepare for trial. Counsel filed his motion to withdraw two days later, eight days before trial. In the good cause for withdrawal section, appellant's attorney stated

7

that "[appellant] no longer wishes to retain [his attorney] and wishes to represent himself. Alternatively, [appellant's attorney] is unable to effectively communicate with [appellant] in a manner consistent with good attorney-client relations." Although counsel also represented in the motion that appellant had not consented to the withdrawal, appellant signed an agreed order granting the motion to withdraw on the day of trial. The agreed order recited that the motion was delivered to appellant and that he "consented to the motion."

When the trial court asked appellant at trial, "What is it you want me to do today," appellant responded as follows:

> I don't have an attorney because I didn't -- I didn't have money to pay this attorney. After the last minute he asked me for $4,000, which I don't have. I just started work. And then I'm just waiting for a -- a bunch of people. If you can please give me a chance to get a lawyer, good lawyer, because here is some evidence where the -- where they -- they are proving something false . . . .

At that point, the trial court stopped appellant and asked him what he wanted awarded and what he wanted to happen regarding custody. Because appellant appeared to be having trouble understanding the trial court, an interpreter began interpreting for appellant.

The trial court filed written findings of fact and conclusions of law, in which it found that on the day of trial, appellant was present with his attorney, that

8

appellant requested the trial court to allow his attorney to withdraw, and that appellant elected to represent himself.[3]

This case is similar to *State v. Crank*. 666 S.W.2d 91, 94 (Tex.) (op. on reh'g), *cert. denied*, 469 U.S. 833 (1984). Crank had already received two continuances when he asked for a third continuance on the day of an administrative hearing seeking time to voluntarily substitute new legal counsel. *Id.* at 93. The supreme court held that the denial of the third continuance was not an abuse of discretion because Crank had ample notice of the date of the hearing and yet failed to present his motion for continuance until the day of the hearing. *Id.* at 94. Here, the trial court could take into consideration that appellant had already consented to the withdrawal of two prior attorneys, that he had had at least a week to obtain new counsel after his third attorney filed a motion to withdraw, that he had acquiesced to the granting of the third motion to withdraw on the day of trial, and, thus, that appellant's lack of representation was due to his own fault or negligence. We conclude and hold that the trial court did not abuse its discretion by denying the motion for continuance. *See id.*; *Qurashi*, 2013 WL 2644182, at \*4–5; *In re Marriage of Roberson*, No. 05-07-01061-CV, 2008 WL 4868345, at \*4 (Tex. App.—Dallas Nov. 12, 2008, no pet.) (mem. op.).

Therefore, we overrule appellant's second point.

---

[3]To the extent that the trial court communicated with appellant or appellant's counsel about the motion before signing the agreed order, those communications are not included in the reporter's record of the trial.

## Withdrawal of Counsel

In his final point, appellant argues that the trial court abused its discretion by allowing his counsel to withdraw on the day of trial. Although appellant agreed to the withdrawal order, he now contends that the trial court should not have granted it because the withdrawal adversely affected his interests.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a)(1). The objecting party must also get a ruling, either express or implied, from the trial court. Tex. R. App. P. 33.1(a)(2), (b); *Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied). If the trial court refuses to rule, an objection to the refusal to rule is sufficient to preserve error. Tex. R. App. P. 33.1(a)(2). However, if a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

Appellant failed to preserve his final point for appeal. Although appellant did remark several times at trial that he wanted an attorney, at no point did he object to the trial court's allowing his attorney to withdraw and, in fact, agreed to the withdrawal immediately before the trial began. Similarly, appellant failed to argue in his motion for new trial or during the hearing on his motion for new trial that the trial court had erred by approving and signing the agreed withdrawal

order. Appellant's complaint at trial was that he did not want to go to trial without a new attorney, not that the trial court incorrectly allowed his third counsel to withdraw. Accordingly, we conclude and hold that appellant did not preserve this complaint for our review, and we overrule appellant's fourth point. *See id.*; *Bonacci v. Bonacci*, 420 S.W.3d 294, 299–300 (Tex. App.—El Paso 2013, pet. denied).

## Conclusion

Having overruled all four of appellant's points, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DELIVERED: September 4, 2014

11