Renee WHITE, Appellant,

v.

Denver W. RUPARD and Katy Steel Co., Appellees.

No. B14–89–1166–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 29, 1990.

Rehearing Denied April 26, 1990.

Eugene B. Wilshire, Jr., Thomas E. Bilek, Houston, for appellant.

Larkin C. Eakin, Jr., JoAnne Ray, Cathy L. Schnaubelt, Houston, for appellees.

Before ROBERTSON, DRAUGHN and JACK SMITH (Retired, Sitting by Assignment), JJ.

## OPINION

DRAUGHN, Justice.

Renee White appeals from the trial court's dismissal of her suit against Denver W. Rupard and Katy Steel Co. The court granted a plea in abatement filed by Rupard and Katy Steel and dismissed White's suit because it was a compulsory counterclaim to a suit by Rupard and Katy Steel filed in Waller County. In one point of error White claims the trial court erred because her suit was not a compulsory counterclaim to Rupard's suit. We affirm.

Rupard and Katy Steel Co. filed suit against White in Waller County alleging breach of contract, breach of fiduciary relationship, fraud, and conversion ("the Waller County suit"). In their fourth amended petition Rupard and Katy Steel allege that the series of transactions that gave rise to their causes of action began when Katy Steel, operated by Rupard, retained White to set up a pension plan for Katy Steel. Rupard and White agreed that he would help her set up a steel fabrication business called Coastal Steel and Wire. White

would own 51% of the stock and Rupard would own 49%. White was to own more of the stock because she and Rupard wanted to take advantage of federal laws concerning women's businesses. Rupard gave White $10,000 to start the business, which was put in Coastal Steel's account at Texas Commerce Bank. In August 1988, Coastal Steel commenced steel fabrication. A few weeks later, White asked Rupard to sign an agreement stating that he had no interest in Coastal Steel. Rupard refused and later learned that White had removed his name as co-signatory to the bank account. Rupard and Katy Steel further allege that Coastal Steel and White refused to pay rent for Rupard's building and equipment.

Rupard alleges that he loaned White $35,000 to buy a house and White has not repaid the loan. Rupard alleges that White committed fraud by incorporating Renee White, Inc. to carry on the business of Coastal Steel and that White is the alter ego of Coastal Steel. Rupard also claims that White vandalized his property and that she made sexual advances toward him during their business relationship. Rupard and Katy Steel sue for breach of contract to issue stock, pay over profits, and pay reasonable rental, breach of contract to apply incoming accounts receivable to accounts payable of Coastal Steel, breach of fiduciary relationship, fraud, rent due, damages to premises and equipment, conversion, the $35,000 debt, recovery of outstanding receivables, and, in the alternative, quantum meruit.

After the Waller County suit was filed, White filed suit in Harris County against Rupard and Katy Steel Co. alleging rape, assault and battery, infliction of distress, outrageous conduct, negligence, denial of livelihood, malicious prosecution, and abuse of process. The facts alleged in White's petition differ from those alleged in Rupard and Katy Steel's petition only with regard to details. The transactions described are essentially identical.

In the Harris County suit White alleges that Katy Steel and Rupard "concocted a scheme to fraudulently exploit United States Laws that provide certain preferential business opportunities to corporations owned and operated by women or minorities." White claims the stock ownership was originally to be split 51%–49%, as Rupard describes, but also claims that Rupard later changed the proposal so White would own all the stock in Coastal Steel. White claims she and Rupard agreed that Rupard would share in profits in exchange for capitalization and his personal participation. White claims that Rupard only intended to "use her for illegal purposes." White also alleges that Rupard made sexual advances toward her, raped her, and directed outrageous conduct toward her. White attributes Rupard's "outrageous conduct" to her refusal to "act as a stooge for Katy [Steel]."

Rupard and Katy Steel filed a plea in abatement asking the trial court to dismiss White's suit because it was a compulsory counterclaim to the suit in Waller County. The trial court found that White's suit should be filed as a compulsory counterclaim to the Waller County suit and dismissed the Harris County suit.

 In her sole point of error White claims the Harris County suit is not inherently interrelated with the Waller County suit, so it is not required to be filed as a compulsory counterclaim to Rupard and Katy Steel's lawsuit. Rule 97(a) of the Texas Rules of Civil Procedure dictates that a counterclaim is compulsory if: (1) it is within the jurisdiction of the court; (2) not at the time of filing the answer the subject of a pending action; (3) the action is mature and owned by the pleader at the time of filing the answer; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. If a claim meets those elements, it must be asserted in the initial action. A defendant's failure to assert a compulsory counterclaim precludes its assertion in later actions. *Gray v. Kirkland*, 550 S.W.2d 410, 411 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e). We find

White's suit against Rupard and Katy Steel is inherently interrelated to the Waller County suit, and is a compulsory counterclaim thereto under the requirements of Rule 97(a).

■ White claims the Harris County suit should not be dismissed because it does not involve the same parties or the same issues as the Waller County suit. She asserts that Coastal Steel is not a party to the Harris County suit and that the rape, infliction of distress, and malicious prosecution claims arose after the Waller County suit was filed. When an inherent interrelation of the subject matter exists in two pending lawsuits, a plea in abatement in the second action must be granted. It is not required that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex.1988). In determining whether an inherent interrelationship exists, courts should be guided by the rule governing persons to be joined if feasible and the compulsory counterclaim rule. TEX.R. CIV.P. 39, 97(a).

■ For White's suit against Rupard and Katy Steel to be compulsory, it must arise out of the same transaction or occurrence as Rupard and Katy Steel's action against White. A transaction or occurrence may take place in an instant, or it may be a series of transactions or occurrences spread over a period of years, such as a number of separate events linked by a common purpose or plan or course of dealing. 2 R. MCDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 7.49 (rev. 1982). The question of whether two lawsuits arise out of the same transaction or occurrence is largely left to the discretion of the trial court. *Dolenz v. Continental Nat'l Bank of Fort Worth*, 620 S.W.2d 572, 575–76 (Tex.1981). The compulsory counterclaim rule is a means of bringing all logically related claims into a single litigation, through precluding a later assertion of omitted claims. A counterclaim is logically related to the opposing party's claim

where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and courts. *Great Lakes Rubber Corp. v. Herbert Cooper Co., Inc.*, 286 F.2d 631, 634 (3rd Cir.1961) (construing the federal rule).

The issues raised in the Waller County suit are sufficiently broad to encompass the issues raised in White's suit in Harris County. Although White's allegations are in tort, her complaints arise out of the business relationship between her and Rupard. At issue in Waller County is the entire nature of the business relationship between the parties. Rupard and Katy Steel alleged in the Waller County suit that their damages arose out of the business transactions between Rupard and White. Those transactions encompass White's allegations as well. Both suits indicate that a personal relationship between Rupard and White is intertwined with their business relationship. A separate trial in Harris County would involve a substantial duplication of time and effort by the parties and the courts. After considering the applicable rules, we conclude that the subject matter in the two pending suits is inherently interrelated and the Harris County suit should be brought as a compulsory counterclaim to the suit in Waller County.

■ When suit would be proper in more than one county, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other courts. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974); *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1070 (1926). Abatement of a lawsuit due to the pendency of a prior suit is based on the principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d at 248.

■ There are three exceptions to the rule of *Cleveland v. Ward* that the court where suit is first filed acquires dominant jurisdiction: (1) conduct by a party that estops him from asserting prior active jurisdiction; (2) lack of persons to be joined if feasible, or the power to bring them before

the court; and (3) lack of intent to prosecute the first lawsuit. *Anderson Co. v. Young,* 128 Tex. 631, 101 S.W.2d 798, 800 (1937). None of those exceptions applies in this case.

In this case, both lawsuits involve the same issues. Because venue is proper in either Waller or Harris County, the court where suit was first filed, Waller County, acquired dominant jurisdiction. The trial court acted within its discretion in granting the plea in abatement and dismissing White's suit.

White has filed a motion to strike Rupard and Katy Steel's brief alleging that their brief contains matters outside the record and should be stricken. White complains of several statements in the "Statement of Facts" section of Rupard and Katy Steel's brief, and the exhibits attached to the brief. The exhibits attached to the brief are two pleadings filed in the Waller County suit after White filed this appeal and an affidavit from a Waller County Assistant District Attorney. White also points out that certain statements in Rupard and Katy Steel's brief are not supported by the appellate record. An appellate court may not consider matters that are merely attached to the brief and not part of the record on appeal. *Nixon v. Royal Coach Inn,* 464 S.W.2d 900, 901 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ). However, we have relied on neither the offending statements in the brief, nor the exhibits attached to Rupard and Katy Steel's brief in making our decision; therefore, we deny White's motion to strike the brief.

The judgment of the trial court is affirmed.