# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00132-CV

**Eric Van Zandt, Appellant**

**v.**

**Prescott Legal Search, Inc.; and Larry Prescott, Appellees**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. GN000858, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Eric Van Zandt sued appellees Prescott Legal Search, Inc. and Larry Prescott (collectively, APrescott@) for breach of contract. The trial court granted Prescott=s no-evidence motion for summary judgment. Van Zandt brings this restricted appeal and by one issue, challenges the trial court=s summary judgment. We will affirm the trial court=s judgment.

## BACKGROUND[1]

---

[1] The background facts are taken largely from the appellant=s brief and pleadings on file with the Court.

Van Zandt was a legal recruiter employed by Prescott. He signed a contract with Prescott in April 1996, which remained in effect for one year. Van Zandt entered into another agreement dated April 8, 1997, which was signed by Larry Prescott as president of Prescott Legal Search. The agreement was to terminate December 31, 1997, and then automatically extend for additional one-year terms subject to the right to terminate the agreement. On September 17, 1999, Van Zandt resigned from his position with Prescott.

Alleging that Prescott failed to pay commissions due to Van Zandt under the terms of the April 1997 agreement for the period beginning January 1, 1999 and ending September 17, 1999, Van Zandt sued Prescott for breach of contract. In his petition, Van Zandt also alleged that Prescott Legal Search is an alter ego of Larry Prescott and sought individual liability against him. In response, Prescott alleged that the 1997 agreement was modified and superceded by a subsequent agreement, which became effective January 1, 1999, and denied that Prescott Legal Search was merely an alter ego of Larry Prescott. Prescott also filed counterclaims against Van Zandt.

On March 19, 2001, Prescott filed a no-evidence motion for summary judgment, asserting that there is no evidence to support Van Zandt=s breach-of-contract claims against Prescott Legal Search and no evidence to support a claim for individual liability against Larry Prescott. *See* Tex. R. Civ. P. 166a(i). Van Zandt was served with notice of a hearing on the motion set for April 12. Van Zandt, however, failed to respond to the motion for summary judgment and failed to appear at the hearing. On April 12, the trial court granted Prescott=s no-evidence motion for summary judgment. On May 17, the trial

2

court granted Prescott=s motion for nonsuit of counterclaims and dismissed Prescott=s counterclaims without prejudice. Van Zandt filed his notice of restricted appeal on October 11, 2001.

## DISCUSSION

A party pursuing a restricted appeal must satisfy four elements: (1) notice of the restricted appeal must be filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of and did not file a timely postjudgment motion or request for findings of fact and conclusions of law; and (4) error must be apparent on the face of the record. Tex. R. App. P. 26.1(c), 30; *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 791 (Tex. App.CHouston [1st Dist.] 1999, no pet.). Review by restricted appeal affords an appellant the same scope of review as an ordinary appeal, that is, a review of the entire case. *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (citing *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965)). The only restriction on the scope of review is that the error must appear on the face of the record. *Id.* (citing *General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 943 (Tex. 1991)). The face of the record, for purposes of a restricted appeal, consists of all papers on file in the appeal. *Id.* (citing *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991)). The parties agree that the only element contested by this appeal is whether error is apparent on the face of the record.

In a single issue with multiple sub-parts, Van Zandt raises several complaints generally challenging the trial court=s rendition of summary judgment in favor of Prescott. Van Zandt=s issue is

3

multifarious. If a court concludes that argument under an issue is multifarious, the court can refuse to review the issue, or it may consider the arguments if it can determine, with reasonable certainty, the basis of the alleged error. *Shull v. United Parcel Serv*., 4 S.W.3d 46, 51 (Tex. App.CSan Antonio 1999, pet. denied); *Bell v. Texas Dep=t of Crim. Justice-Inst=l Div.*, 962 S.W.2d 156, 157 n.1 (Tex. App.CHouston [14th Dist.] 1998, pet. denied). In the interest of justice, we will address those issues we can reasonably construe.

Van Zandt attacks the legal and factual sufficiency of the trial court=s judgment. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex. App.CAustin 1998, no pet.). In other words, we must determine whether the evidence produced by the respondent raises a genuine fact issue on the material questions presented. *Id.* When analyzing no-evidence summary judgments, we consider the evidence in the light most favorable to the respondent; every reasonable inference is indulged in favor of the respondent, and all doubts are resolved in his favor. *Id.*

To prevail on his breach of contract claim, Van Zandt had the burden to prove (1) the existence of a valid contract, (2) his performance under the contract, (3) breach of the contract by Prescott, and (4) damages sustained by Van Zandt as a result of the breach. *Foster v. Centrex Capital Corp.*, 80 S.W.3d 140, 143-44 (Tex. App.CAustin 2002, pet. denied). In its motion for summary judgment, Prescott asserted that Van Zandt had no evidence to support his claims that (1) the 1997 agreement, which Van Zandt claims was breached, remained in effect until September 1999 and was never modified or superceded, (2) Van Zandt performed all his obligations under the agreement, (3) Prescott breached the

4

agreement by failing to pay Van Zandt all commissions owed under the agreement, (4) Van Zandt suffered damages, and (5) Larry Prescott agreed, in his individual capacity, to pay commissions to Van Zandt and breached that agreement.

To defeat the no-evidence motion for summary judgment, Van Zandt was not required to marshal all his proof, but his response must point out evidence that raises a fact issue on the challenged elements. Tex. R. Civ. P. 166a(i); *Saenz v. Southern Union Gas Co.*, 999 S.W.2d 490, 493-94 (Tex. App.CEl Paso 1999, pet. denied); *Jackson*, 979 S.W.2d at 70-71. If the respondent fails to present some summary judgment evidence raising a genuine issue of material fact, the motion must be granted. *Saenz*, 999 S.W.2d at 494; *Jackson*, 979 S.W.2d at 70-71. The record reflects, and Van Zandt concedes, that he filed no response to Prescott=s no-evidence motion for summary judgment. Because Van Zandt failed to present any summary judgment evidence in response to Prescott=s motion, the trial court was required to grant summary judgment. *Saenz*, 999 S.W.2d at 494; *Jackson*, 979 S.W.2d at 70-71.

Van Zandt argues on appeal that sufficient evidence existed to raise a genuine fact issue on the material elements of his claim. For support, he directs this Court to several documents included in the appendix attached to his appellate brief. With the exception of a copy of the 1997 agreement, these documents were not presented to the trial court. In a restricted appeal, our review is confined to errors apparent on the face of the record; the face of the record consists of Aall the papers on file in the appeal.@ *Norman*, 955 S.W.2d at 270. This Court cannot consider matters outside of the clerk=s record or the reporter=s record; thus, we will not consider for the first time on appeal documents attached to the brief that were not before the trial court. *See Stankiewicz v. Oca*, 991 S.W.2d 308, 311-12 (Tex. App.CFort

Worth 1999, no pet.); *White v. Rupard*, 788 S.W.2d 175, 179 (Tex. App.CHouston [14th Dist.] 1990, writ denied).

Although the 1997 agreement is included in the clerk=s record, this document was attached to Van Zandt=s petition initiating his suit; it was not produced in response to Prescott=s no-evidence motion for summary judgment. Van Zandt was required to present some summary judgment evidence raising a genuine fact issue on the elements attacked. The mere existence of this agreement in the trial court=s file is insufficient to satisfy Van Zandt=s burden of producing some summary judgment evidence. *See Saenz*, 999 S.W.2d at 494. Even if the agreement were properly presented as summary judgment evidence, it merely addresses the existence of a contract between Prescott and Van Zandt; it fails, however, to raise genuine fact issues regarding the remaining elements raised in Prescott=s summary judgment motion.

Van Zandt also argues that the trial court erred in essentially granting a summary judgment by Adefault@ based on his failure to respond to the summary judgment motion when Prescott failed to substantiate its summary judgment claims with sufficient summary judgment proof. Van Zandt appears to confuse a no-evidence motion for summary judgment with a traditional motion for summary judgment. He fails to recognize that Prescott=s filing of a no-evidence motion for summary judgment shifted the burden of raising a genuine issue of material fact to him. *See Jackson*, 979 S.W.2d at 71. Prescott was not required to present any evidence in support of its motion. When Van Zandt failed to carry his burden of presenting some summary judgment evidence, the trial court was required to grant the summary judgment. *See Saenz*, 999 S.W.2d at 494. The summary judgment was thus based on the absence of summary judgment evidence, not on Van Zandt=s mere failure to respond to the motion. *See Jackson*, 979 S.W.2d at 71.

6

Finally, Van Zandt challenges the factual sufficiency of the evidence to support the summary judgment. Prescott was not required to and did not present any summary judgment evidence in support of its no-evidence motion for summary judgment. Van Zandt, as we have already noted, did not present any summary judgment evidence in response to the motion. Thus, a factual sufficiency challenge is an inappropriate challenge to the summary judgment. We overrule Van Zandt=s issue.

## CONCLUSION

Having found no error apparent on the face of the record, we overrule Van Zandt=s issue on appeal and affirm the trial court=s summary judgment.

_____

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   January 24, 2003

7