**Petition for Writ of Mandamus Granted and Opinion filed December 22, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00390-CV

---

## IN RE SECOND STREET PROPERTIES LLC, ET AL, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-22351**

---

## MEMORANDUM OPINION

On May 12, 2016, relators Second Street Properties LLC, Briarwood Capital Corporation, and H. Walker Royall filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Debra Ibarra Mayfield, presiding judge of the 165th District Court of Harris County, to (1) vacate her April 29,

2016 "Order Denying Defendants' Motions to Abate" and (2) sign an order abating the underlying suit.

We conditionally grant the petition for writ of mandamus.

## BACKGROUND

In December of 2015, six of the limited partners of real party in interest Freeport Waterfront Properties, L.P. (Partnership) acted to remove Briarwood Capital as the general partner and to elect FPWP GP, LLC as the new general partner. Relators contend for various reasons that the removal of Briarwood was ineffective and the election of FPWP was invalid.

On April 6, 2016, Second Street sought resolution of this dispute by filing a declaratory judgment action in Dallas County against the other six limited partners (the Removing Partners) and FPWP, asking for a judicial declaration that Briarwood Capital is still the general partner of the Partnership and that FPWP has not been properly elected as the general partner.

On April 7, 2016, the Removing Partners filed the underlying suit in the name of the Partnership against Second Street in Harris County, Texas. The original petition states that "Second Street has now indicated that it disputes the election to continue the business and/or the election of FPWP GP, LLC as the partnership's general partner as valid or permissible action by the limited partners." The petition sought declarations that: "(1) Briarwood Capital has been removed as general partner and lacks authority to act on [the Partnership's] behalf, (2) the election to continue the business of the Partnership and avoid dissolution or termination made by a Required Interest of the

2

limited partners is effective, and (3) FPWP GP, LLC has been properly elected and/or designated to replace Briarwood Capital as the general partner of [the Partnership]." Thus, the Harris County original petition sought declaratory relief on the same issues as the Dallas County original petition.

On April 13, 2016, the Removing Partners filed a first amended petition in Harris County that added Briarwood Capital and its president, H. Walker Royall, as defendants, and sought to enjoin Briarwood Capital from holding itself out as the general partner of the Partnership. The first amended petition also added a claim for breach of contract related to a mediated settlement agreement by the partners and a claim for breach of fiduciary duty related to actions taken by Briarwood Capital in negotiations for a marina project.

On April 14, 2016, Second Street filed motions to abate the Harris County suit and a motion to show authority. In its motions to abate, Second Street argued that the two suits are inherently interrelated, that the Dallas County court had dominant jurisdiction because suit was first filed there, and that abatement of the Harris County suit was mandatory. In its motion to show authority, Second Street argued that the Partnership lacked authority to bring the Harris County suit because Briarwood Capital, the alleged the general partner, did not authorize that suit.

On April 28, 2016, the day before the hearings on Second Street's motions, the Partnership filed a second amended petition and responses to the motion to abate and the motion to show authority. The second amended petition omits the request for declaratory relief regarding which entity is the general partner, but it still seeks to enjoin Briarwood Capital from holding itself out as the general partner.

Additionally, the Partnership's response to the motion to show authority requested the Harris County court to sign an order finding that: "(1) Briarwood Capital has been properly removed as general partner and lacks authority to act on [the Partnership's] behalf, (2) the election to continue the business of the Partnership and avoid dissolution or termination made by a Required Interest of the limited partners is effective, and (3) FPWP GP, LLC has been properly elected and/or designated to replace Briarwood Capital as the general partner of [the Partnership]." This language is the same as the declaratory relief requested in the Partnership's original and first amended petitions.

On April 28, 2016, Second Street filed in the Dallas County suit a first amended petition that added the Partnership and Briarwood Capital as plaintiffs and that seeks the following declarations:

a.  Briarwood Capital is the General Partner of the Partnership, or in the alternative, if the Court finds that Briarwood Capital was effectively removed, the Partnership shall be terminated forthwith, dissolved, and its business wound up;

b. FPWP has not been properly elected as the General Partner of the Partnership;

c. The Original Partnership Agreement—as amended by the First, Second, and Third Amendments—is valid and effective, and is the operative agreement governing the Partnership;

d. The current Percentage Interests for the Partnership are those that were in effect as of December 6, 2015, before the Removing Partners purported to remove Briarwood Capital as the General Partner;

e. The Improper Fourth Amendment, and any actions taken pursuant to it, are invalid, void, and ineffective, and did not in any way amend the Original Partnership Agreement;

f. The Designation Document, and any actions taken pursuant to it, are invalid, void, and ineffective, and did not in any way elect FPWP as the new General Partner of the Partnership;

g. The Ratification Document, and any actions taken pursuant to it, are invalid, void, and ineffective, and did not in any way ratify or approve the Improper Fourth Amendment;

h. The Restated Partnership Agreement, and any actions taken pursuant to it, are invalid, void, and ineffective;

i. The actions of opening the New Account and withdrawing and transferring the Funds from the Original Account to the New Account are invalid, void, and ineffective, and he Funds properly and rightfully belong in the Original Account and must be returned there; and

j. Only Briarwood Capital has the power to file tax returns, make elections, and act as the Tax Matters Partner on behalf of the Partnership, and neither FPWP nor any of the Removing Partners has the power to handle any tax matter for the Partnership.

On April 29, 2016, the trial court in the Harris County suit signed an order denying Second Street's motions to abate. On the same date, the trial court signed another order finding that John H. McFarland and Joyce McFarland LLP have authority to prosecute the suit and denying Second Street's motion to show authority. Significantly, the trial court struck language from the order finding that "(1) Briarwood Capital has been properly removed as general partner and lacks authority to act on [the Partnership's] behalf, (2) the election to continue the business of the Partnership and avoid dissolution or termination made by a Required Interest of the limited partners is

5

effective, and (3) FPWP GP, LLC has been properly elected and/or designated to replace Briarwood Capital as the general partner of [the Partnership]." The trial court apparently intended to reserve the determination of these issues for a later date.

## MANDAMUS STANDARD

Generally, to obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). With regard to a plea in abatement in a dominant-jurisdiction case such as this one, however, relators need only establish a trial court's abuse of discretion in order to obtain mandamus relief. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 299–300 (Tex. 2016) (orig. proceeding); *see also In re Red Dot Bldg. Sys., Inc.*, No. 15-1007, 2016 WL 7030494, at *2 (Tex. Dec. 2, 2016) (per curiam) (orig. proceeding) ("[W]e recently made clear in *J.B. Hunt* that if the court in the second action abuses its discretion by not abating the action, no additional showing is required for mandamus relief."). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze the law correctly or apply it correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). We review the trial court's application of law de novo. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

ANALYSIS

## A.     Principles of Dominant Jurisdiction

"The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts." *In re J.B. Hunt Transp., Inc*., 492 S.W.3d at 294. "As a result, when two suits are inherently interrelated, 'a plea in abatement in the second action *must* be granted.'" *Id*. "It is not required that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues." *Wyatt v. Shaw Plumbing Co*., 760 S.W.2d 245, 247 (Tex. 1988). In determining whether an inherent interrelationship exists, courts should be guided by Texas Rule of Civil Procedure 97, which governs persons to be joined if feasible and states the compulsory counterclaim rule. *Id*. Under Rule 97, a compulsory counterclaim is any claim that, at the time of filing the pleading, the pleader has against an opposing party if it (1) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and (2) does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. Tex. R. Civ. P. 97. "The compulsory counterclaim rule is a means of bringing all logically related claims into a single litigation, through precluding a later assertion of omitted claims. A counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and courts." *White v. Rupard*, 788 S.W.2d 175, 178 (Tex. App.—Houston [14th Dist.] 1990, writ denied).

**B. The suits are inherently interrelated.**

The Dallas County suit was filed before the Harris County suit. Therefore, under *J.B. Hunt*, the Dallas County court has dominant jurisdiction and the Harris County suit should be abated if the two suits are inherently interrelated.

Both suits present the same threshold issue: the identity of the general partner of the Partnership. The Partnership is a named plaintiff in both suits. It is one of three plaintiffs in the Dallas County suit and the only plaintiff in the Harris County suit. But in each case, a different alleged general partner (represented by different counsel) is purporting to act on the Partnership's behalf. If the Harris County suit is not abated, then both courts, as a threshold inquiry, would need to determine which entity is the general partner and whether the Partnership is authorized to bring that suit. Not only would requiring both courts to decide this issue constitute a waste of judicial resources and duplication of costs by the parties, it also may lead to conflicting determinations.

Additionally, the following claims and allegations in the second amended petition in the Harris County suit (filed by the Removing Partners in the name of the Partnership) present issues for determination that are also at issue in or arise out of the same subject matter as the Dallas County suit:

- Briarwood Capital and Royall should be enjoined from holding themselves out as the general partner of the Partnership or otherwise purporting to act on its behalf.

- Briarwood Capital exercised authority over the Partnership in "writing checks on its account," "[d]espite Briarwood's Capital's removal as the general partner."

8

- Whether "a loan [made to the Partnership] . . . should be considered an obligation owed by [the Partnership] to Briarwood Capital as its general partner, which [Second Street] argues would prevent the removal [as general partner]."

- Briarwood Capital (1) instructed the Partnership's accountant to refuse to permit FPWP to sign the tax return as the general partner, (2) instructed the Partnership's bank to freeze the accounts opened by FPWP as the Partnership's operating accounts, and (3) contacted the Partnership's vendors and contacts to advise that FPWP had not been properly elected as general partner.

- Briarwood Capital agreed in a mediated settlement to "amend Section 12.2 of the partnership agreement to permit 50.1% of the limited partners, and not a unanimity, to elect to continue business with a new general partner in the event the general partner resigned."

- Briarwood Capital breached its fiduciary duty by "[r]efusing to honor (or attempting to renege on) their agreement to amend the [Partnership] agreement to permit [the Partnership] to continue in operation in the event Briarwood Capital resigned."

Although the second amended petition omitted the request for declaratory judgments regarding the proper general partner of the Partnership, many of the claims and allegations we have just summarized still turn on the identity of the general partner.

Both suits, in part, arise out of or are based on the same transactions or occurrences—the actions that the Removing Partners took in an effort to remove Briarwood Capital as the general partner and elect FPWP as the new general partner. Although the Harris County suit involves some claims that the Dallas County suit does not, many of the claims in the Harris County and Dallas County suits are "logically related" because separate trials of these claims and issues would involve a substantial duplication of effort and time by the parties and courts. *See White*, 788 S.W.2d at 178. Absent abatement, both courts would be required

9

to try whether Briarwood Capital was properly removed as the general partner and whether FPWP was properly elected as the general partner. For these reasons, we conclude that the Dallas County suit and the Harris County suit are inherently interrelated.

### C. All of the necessary parties and claims can be joined in the Dallas County suit.

The lack of perfect identity of parties and issues in the two suits does not preclude the Dallas court from having dominant jurisdiction. "It is not required that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues." *Wyatt,* 760 S.W.2d at 247.

All proper parties can be brought into the Dallas County suit. The only party in the Harris County suit that is not a party in the Dallas County suit is H. Walker Royall. Mr. Royall is a Texas resident and is amenable to service of process in Texas such that he could be joined as a party to the Dallas County suit.

Although the Harris County suit asserts several claims that are not alleged in the Dallas County suit, we see no reason why the defendants in the Dallas County suit could not bring a counterclaim or third-party claim on behalf of the Partnership and assert all of the same claims that the Partnership has asserted in the Harris County suit. Even if the Dallas court determined that Removing Partners lacked authority to represent the Partnership, the Removing Partners could bring a derivative action on behalf of the Partnership in the Dallas County suit and assert all of the claims that the Partnership has asserted in the Harris County suit. *See* Tex. Bus. Orgs. Code Ann. § 153.401; *In re Immobiliere*

10

*Jeuness Establissement*, 422 S.W.3d 909, 915 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding).

The Partnership argues that it is not possible to pursue these claims in Dallas County because that court signed an Agreed and Extended Temporary restraining Order on June 27, 2016 that restrains the Defendants from commencing, prosecuting, or defending any litigation on behalf of the Partnership. We do not interpret that order as precluding the limited partners from bringing a derivative action on behalf of the Partnership in the Dallas County suit as provided for by section 153.401. In any event, the temporary restraining order expired on August 31, 2016.

## D. The Partnership did not preserve its argument that relators are barred from seeking to abate the Harris County suit.

The Partnership argues, for various reasons, that doctrines of waiver and estoppel bar relators from seeking to abate the Harris County suit. The Partnership did not preserve these arguments for our consideration, however, because it did not present them to the trial court for determination. *See Hiles v. Arnie & Co., P.C.*, 402 S.W.3d 820, 826 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ("*When raised*, estoppel is a fact issue that must be determined by the second court in which the plea in abatement is filed") (emphasis added); *In re Henry,* 274 S.W.3d 185, 191 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) ("*If raised* [as an exception to the general rule of dominant jurisdiction], estoppel is a fact issue that must be determined by the trial court

11

where the plea in abatement is filed") (emphasis added). "[A]rguments not presented to the trial court will not be considered in a petition for writ of mandamus."[1]

### E. The Partnership's argument that venue is not proper in Dallas County should be determined by the Dallas court.

The Partnership argues that the Dallas County suit was filed in an improper venue, that Harris County is the proper venue for that suit, and therefore the Harris County court's denial of the plea in abatement was proper. We do not consider this argument because it too was not presented to or determined by the Harris County court. Moreover, the Partnership has filed a motion in the Dallas County court to transfer venue to Harris County. The issue of proper venue should be determined first by the Dallas court, not this Court or the Harris County court. *See Curtis v. Gibbs*, 511 S.W.2d 263, 268 (Tex. 1974) (orig. proceeding) (court with dominant jurisdiction has exclusive jurisdiction to determine venue).

### F. The Partnership's argument that Second Street lacked standing as a limited partner may not be considered.

After relators filed their reply in support of the mandamus petition, the Partnership filed a supplemental response, arguing that the Harris County trial court's denial of relators' motions to abate was proper because Second Street lacked standing as a limited partner when it filed the Dallas County suit. This argument should be

---

[1] *In re RH White Oak, LLC*, 14-15-00789-CV, 2016 WL 3213411, at *9 (Tex. App.—Houston [14th Dist.] June 9, 2016, orig. proceeding) (quoting *In re Advance Payroll Funding, Ltd.*, 254 S.W.3d 710, 714 (Tex. App.—Dallas 2008, orig. proceeding)). *See also In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding).

addressed to the Dallas County court, as the Partnership's standing challenge does not extend to Second Street's role in the Harris County suit that is the subject of this petition. We also do not consider this argument because it and the exhibits supporting it were not presented to the Harris County trial court. *See In re Am. Optical Corp.*, 988 S.W.2d at 714. A court of appeals will not consider exhibits that were not part of the trial court record at the time of the hearing on the motion that is the subject of the original proceeding. *In re Taylor*, 113 S.W.3d 385, 392 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding).

## CONCLUSION

Because the Dallas County and Harris County suits are inherently interrelated and the Dallas County suit was filed first, the Dallas County court has dominant jurisdiction. Accordingly, the trial court clearly abused its discretion by denying relators' motions to abate the Harris County suit. We therefore direct the trial court to (1) vacate its "Order Denying Defendants' Motions to Abate" and (2) sign an order abating the suit.

We are confident that the trial court will act in accordance with this opinion. The writ will issue only if the trial court fails to do so.


PER CURIAM


Panel consists of Justices Busby, Donovan, and Wise.

13