

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-21-00285-CV

## IN RE THE STATE OF TEXAS

_____

## Original Proceeding

_____

### From the 414th District Court
### McLennan County, Texas
### Trial Court No. 2021-2775-5

## MEMORANDUM OPINION

Relator, the State of Texas, filed suit against real parties in interest, Waco and La

Vega Independent School Districts and their respective superintendents, boards of

trustees, and board members, alleging that real parties in interests' imposition of face-

covering requirements were in violation of Executive Order GA-38 ("GA-38") issued by

Texas Governor Greg Abbott.[1]  Real parties in interest filed a plea to the jurisdiction, a

---

[1] Relator also sued Midway and McGregor Independent School Districts and their respective superintendents, boards of trustees, and board members for imposing face-covering requirements purportedly in violation of GA-38.  However, they are not parties to this proceeding.

verified amended plea in abatement, and other pleadings in the trial court, seeking to forestall relator's lawsuit in favor of an existing legal challenge to GA-38 filed by several school districts in a state district court in Travis County. After a hearing on the motions filed by real parties in interest, the trial court granted the verified amended plea in abatement filed by real parties in interest. Specifically, the trial court's order indicated that this proceeding is "ABATED pending final resolution of the first-filed case, *La Joya Independent School District, et al. v. Greg Abbott, et al.*, Cause No. D-1-GN-21-003897, in the 353rd Judicial District Court in Travis County, including any appeals therefrom."[2]

In response to the trial court's order granting real parties in interests' verified amended plea in abatement, relator filed a petition for writ of mandamus, requesting that this Court direct the trial court, to vacate its order. In arguing that the trial court abused its discretion by granting the verified amended plea in abatement, relator contends that the case filed in Travis County District Court does not possess dominant jurisdiction over relator's suit. Because we conclude that the trial court abused its discretion by granting the verified amended plea in abatement filed by real parties in interest, we conditionally grant relator's mandamus petition.

---

[2] In the Travis County suit, several school districts sought injunctive relief and declarations that Governor Abbott has no authority under the Texas Disaster Act to prevent a school district from adopting a mask mandate; that the Governor has no authority to suspend statutes that give local school boards the authority to govern and oversee the management of public schools; and that section 418.016 of the Texas Disaster Act violates the Texas Constitution.

## Background

In response to the COVID-19 pandemic, Governor Abbott issued GA-38 on July 29, 2021, with the stated goal of "protecting the health and safety of Texans, ensuring uniformity throughout Texas, and achieving the least restrictive means of combatting the evolving threat to public health by adjusting social-distancing and other mitigation strategies." Among other things, paragraph 3(b) of GA-38 provided that: "In areas where the COVID-19 transmission rate is high, individuals are encouraged to follow the safe practices they have already mastered . . . but no person may be required by any jurisdiction to wear or to mandate the wearing of a face covering." Paragraph 4(a) of GA-38 also emphasized that "[n]o governmental entity, including a county, city, school district, and public health authority, and no governmental official may require any person to wear a face covering or to mandate that another person wear a face covering." As stated in paragraph 4(b), GA-38 expressly "supersede[d] any face-covering requirement imposed by any local governmental entity or official, except as explicitly provided . . . ." To "further ensure uniformity statewide," paragraph 5 of GA-38, under the authority of section 418.016(a) of the Texas Government Code, suspended sections 418.1015(b) and 418.108 of the Texas Government Code "[t]o the extent necessary to ensure that local governmental entities or officials do not impose any such face-covering requirement." *See* TEX. GOV'T CODE ANN. §§ 418.016(a), 418.1015(b), 418.108.

In its original petition, relator asserted that, on August 26, 2021, Waco ISD Superintendent Dr. Susan Kincannon mandated masks be worn in all Waco ISD facilities beginning on August 30, 2021. Relator alleged that Waco ISD Board of Trustees and board members "participated in this decision or failed to take action to prevent Dr. Kincannon from implementing the mask mandate."

The Office of the Attorney General sent Dr. Kincannon a letter warning that the imposition of a mask mandate exceeded her authority and violated GA-38. Waco ISD and Dr. Kincannon refused to rescind their mask mandate and indicated that Waco ISD "will also continue to require masks in all Waco ISD buildings."

On or about August 24, 2021, La Vega ISD implemented a COVID-19 Mitigation Plan that indicated "the superintendent will implement a district wide mask mandate" under certain circumstances. Relator alleged that La Vega ISD implemented a mask mandate and that "La Vega ISD's Board of Trustees and Superintendent [Dr. Sharon M.] Shields participated in this decision or failed to take action to prevent implementation of this Plan."

As was done with Waco ISD, the Office of the Attorney General sent Dr. Shields a letter warning that the imposition of a mask mandate exceeded her authority and violated GA-38. La Vega ISD and Dr. Shields refused to rescind their mask mandate.

## Standard of Review & Applicable Law

"'Jurisdiction' refers to the power of a court, under the Constitution and laws, to determine the merits of an action between parties and to render a judgment." *Gordon v. Jones*, 196 S.W.3d 376, 382 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). Subject-matter jurisdiction "exists by operation of law only, and cannot be conferred upon any court by consent or waiver." *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000). Whether a trial court has subject-matter jurisdiction is a question of law that an appellate court reviews de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "Jurisdiction and venue are not synonymous." *Gordon*, 196 S.W.3d at 383.

"Venue" pertains solely to where a suit may be brought and differs from whether a court has "jurisdiction of the property or thing in controversy." *Id.* Generally, venue refers to a particular county, but it may also refer to a particular court. *Id.* The transfer of a case from one forum to another "pertains to venue, not jurisdiction." *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 622 (Tex. 2005).

"[T]he doctrine of dominant jurisdiction pertains to venue and not to subject-matter jurisdiction." *Gordon*, 196 S.W.3d at 382. "Dominant jurisdiction" applies when venue is proper is two or more Texas counties or courts. *Gonzalez*, 159 S.W.3d at 622. Usually, if two lawsuits concerning the same subject matter are pending in courts of concurrent jurisdiction, the court in which suit was first filed acquires "dominant

jurisdiction," if venue is proper.  *Id.* (noting that dominant jurisdiction recognizes "the plaintiff's privilege to choose the forum" and accepts that choice as correct, provided that the forum is proper); *see Gordon*, 196 S.W.3d at 383.  "[W]hen cases involving the same subject matter are brought in different courts, the court with the first-filed cases has dominant jurisdiction and should proceed, and the other cases should abate."  *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001).

"A motion to abate is the proper procedure for asserting a claim of dominant jurisdiction."  *Tovias v. Wildwood Props. P'ship, L.P.*, 67 S.W.3d 527, 529 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see Gordon*, 196 S.W.3d at 385 (stating that a trial court "properly disposes of a motion premised on dominant jurisdiction by *abating the cause* to permit the court of dominant jurisdiction to proceed" (emphasis in original)); *see also generally Speer v. Stover*, 685 S.W.2d 22, 23 (Tex. 1985) ("Pleas in abatement and pleas to the jurisdiction have different objectives and different results.  Sustaining a plea to the jurisdiction requires dismissal; sustaining a plea in abatement requires that the claim be abated until removal of some impediment.").

The granting of a plea in abatement in a later-filed suit is mandatory when "an inherent interrelation of the subject matter exists in two pending lawsuits."  *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 293-94 (Tex. 2016).  It is "not required that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties

and issues." *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex. 1988), *overruled in part on other grounds by In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 292-93. "In determining whether an inherent interrelationship exists, courts should be guided by the rule governing persons to be joined if feasible and the compulsory counterclaim rule." *Wyatt*, 760 S.W.2d at 247; *see* TEX. R. CIV. P. 39, 97(a). Abatement of a lawsuit due to the pendency of a prior suit is based on the principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues. *Perry*, 66 S.W.3d at 252.

"'[A] relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a plea in abatement in a dominant-jurisdiction case.'" *In re Red Dot Bldg. Sys.*, 504 S.W.3d 320, 322 (Tex. 2016) (orig. proceeding) (quoting *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 299-300). "[N]o additional showing is required for mandamus relief." *Id.* A trial court has no discretion in determining what the law is and applying it to the facts and abuses its discretion if it fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *see Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

**Analysis**

For the first-filed rule to apply, the two suits must be "inherently interrelated." *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 292. The compulsory-counterclaim rule guides whether two suits are "inherently interrelated." *Id.* A counterclaim is compulsory if: (1)

it is a claim within the jurisdiction of the court; (2) not the subject of a pending action; (3) which at the time of filing the pleading the pleader has against any opposing party; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (5) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. *See* TEX. R. CIV. P. 97(a); *In re Tex. Christian Univ.*, 571 S.W.3d 384, 389 (Tex. App.—Dallas 2019, orig. proceeding). A counterclaim is compulsory if, in addition to Rule 97(a)'s other requirements, it was not the subject of a pending action when the original suit was commenced. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 293. "The compulsory counterclaim rule is a means for bringing all logically related claims into a single litigation, through precluding a later assertion of omitted claims." *White v. Rupard*, 788 S.W.2d 175, 178 (Tex. App.—Houston [14th Dist.] 1990, writ denied). "A counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and courts." *Id.* "The logical relationship test is met when the same facts, which may or may not be disputed, are significant and logically relevant to both claims." *Moore v. First Fin. Resolution Enters., Inc.*, 277 S.W.3d 510, 516 (Tex. App.—Dallas 2009, no pet.).

We examine whether there is an inherent interrelationship between the subject matters of the two lawsuits. *Wyatt*, 760 S.W.2d at 247; *see* TEX. R. CIV. P. 39 (stating the rule regarding the joinder of persons needed for "just adjudication"); *id.* at R. 97(a). If

such an inherent interrelationship exists, we then proceed to assess dominant jurisdiction. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 292. To determine whether there is an inherent interrelationship, we consider whether: (1) the Travis County lawsuit commenced first; (2) the Travis County suit is still pending; (3) the Travis County lawsuit does include or could be amended to include all the parties; and (4) the controversies are the same or the Travis County suit could be amended to include all of the claims. *See Wyatt*, 760 S.W.2d at 247; *In re Amoco Fed. Credit Union*, 506 S.W.3d 178, 187 (Tex. App.—Tyler 2016, orig. proceeding); *In re King*, 478 S.W.3d 930, 933 (Tex. App.—Dallas 2015, orig. proceeding); *In re ExxonMobil Prod. Co.*, 349 S.W.3d 852, 856 (Tex. App.—San Antonio 2011, orig. proceeding).

It is undisputed that the Travis County lawsuit commenced first and that is still pending. *See generally Abbott v. La Joya Indep. Sch. Dist.*, No. 03-21-00428-CV, 2022 Tex. App. LEXIS 1797 (Tex. App.—Austin Mar. 17, 2022, pet. filed) (mem. op.). Relator contends that the claims in this proceeding cannot be brought in Travis County because a mandatory-venue statute—section 65.023(a) of the Texas Civil Practice and Remedies Code, requires that this suit be filed in McLennan County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 65.023(a); *see also Butron v. Cantu*, 960 S.W.2d 91, 94 (Tex. App.—Corpus Christi 1997, no writ) (stating that "[t]his requirement [section 65.023(b) of the Texas Civil Practice and Remedies Code] that an action to enjoin execution on a judgment must be

brought in the court in which the judgment was rendered is jurisdictional, and does not relate merely to venue").

The Texas Supreme Court has held that section 65.023(a) "applies only to suits in which the relief sought is primarily or purely injunctive." *In re Cont'l Airlines*, 988 S.W.2d 733, 736 (Tex. 1998). Where the main purpose of suit is for something other than injunctive relief and the injunctive relief is ancillary, incidental, or adjunctive, section 65.023(a) does not apply. *O'Quinn v. Hall*, 7 S.W.3d 452, 456 (Tex. App.—Corpus Christi 2002, orig. proceeding). To determine the main purpose of the suit for purposes of deciding whether the section applies, we examine the pleadings and the relief sought. *See, e.g., In re Cont'l Airlines*, 988 S.W.2d at 736; *Howell v. Tex. Workers' Compensation Comm'n*, 143 S.W.3d 416, 432 (Tex. App.—Austin 2004, pet. denied) (stating, "if a review of the allegations and the prayer demonstrates that issuance of a permanent injunction would be merely ancillary to a judgment awarding declaratory relief, [section 65.023(a)] does not apply"); *Karagounis v. Bexar County Hosp. Dist.*, 70 S.W.3d 145, 147 (Tex. App.—San Antonio 2001, pet. denied) ("The true nature of a lawsuit depends on the facts alleged in the petition, the rights asserted and the relief sought, and not on the terms used to describe the cause of action.").

In its prayer, relator requested, among other things, a temporary restraining order against real parties in interest "from enforcing Defendants' Facemask Orders for as long as GA-38 (or a future executive order containing the same prohibitions) remains in

effect"; a declaration "Defendants' Facemask Orders to be invalid and unlawful"; and temporary and permanent injunctions to "rescind their Facemask Orders" and "refrain from issuing any new emergency restrictions that conflict with GA-38." Based on our review of relator's pleadings, we conclude that the injunctive relief requested by relator is central to its lawsuit, especially given that relator sought a permanent injunction against real parties in interest. *See In re Cont'l Airlines*, 988 S.W.2d at 736-37 (concluding that section 65.023(a) was inapplicable and injunctive relief was ancillary to the prayer for declaratory relief where the plaintiff did not pray for permanent injunctive relief, the pleadings would not support a permanent injunction, the controversy could be fully resolved by declaratory judgment, and "throughout the pleading the only requests for court action ask the trial court to declare the parties' rights under the contract"); *O'Quinn*, 7 S.W.3d at 456; *see also In re Ameri-Fab, LLC*, No. 05-17-01458-CV, 2018 Tex. App. LEXIS 1061, at *4 (Tex. App.—Dallas Feb. 7, 2018, orig. proceeding) (mem. op.) ("When the injunctive relief is sought simply to maintain the status quo pending resolution of the lawsuit, then the injunctive relief is ancillary to the relief sought and section 65.023 does not apply. When the party does not plead for a permanent injunction, the injunctive relief is ancillary to the other relief sought." (citations omitted)); *In re FPWP GP LLC*, No. 05-16-01145-CV, 2017 Tex. App. LEXIS 633, at *8 (Tex. App.—Dallas Jan. 25, 2017, orig. proceeding) (mem. op.) ("[A] request for injunctive relief is the primary or principal relief sought, and section 65.023 therefore governs venue, when the plaintiff specifically pleads

for permanent injunctive relief, when the plaintiff seeks only declaratory and injunctive relief that are essentially mirror image claims, and/or the claims cannot be resolved solely as a declaratory judgment." (citations omitted)).

We now examine the language of section 65.023 of the Texas Civil Practice and Remedies Code, which provides:

(a) Except as provided by Subsection (b), *a writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled*. If the writ is granted against more than one party, it may be tried in the proper court of the county in which either party is domiciled.

(b) A writ of injunction granted to stay proceedings in a suit or execution on a judgment must be tried in the court in which the suit is pending or the judgment was rendered.

TEX. CIV. PRAC. & REM. CODE ANN. § 65.023 (emphasis added). It is undisputed that real parties in interest are domiciled in McLennan County, not Travis County. Accordingly, pursuant to section 65.023(a), relator was required to bring its claims for injunctive relief against real parties in interest in McLennan County; these claims for injunctive relief could not be brought in Travis County.[3] *See id.*; *see Wyatt*, 760 S.W.2d at 248 ("As long as

---

[3] Real parties in interest have asserted that the second sentence of section 65.023(a) allows for this suit for injunctive relief to be filed in either McLennan or Travis County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 65.023(a) (providing that, among other things, "[i]f the writ is granted against more than one party, it may be tried in the proper court of the county in which either party is domiciled"). We disagree. The second sentence in section 65.023(a) authorizes venue in different counties only to the extent that a writ of injunction is granted against more than one party that are domiciled in different counties. *See id.* In other words, if real parties in interest were domiciled in different counties, which is not the case here, section 65.023(a) would operate to allow for a writ of injunction in either county in which real parties in interest are domiciled. *See id.* The domicile of relator is not relevant to this analysis. *See id.*

the forum is a proper one, it is the plaintiff's privilege to choose the forum," and a defendant is "simply not at liberty to decline to do battle in the forum chosen by the plaintiff."). Moreover, Texas Rule of Civil Procedure 39 does not authorize relator, a defendant in the Travis County suit, to join real parties in interest in the Travis County suit, and the joinder of real parties in interest in the Travis County suit is not needed to attain a just adjudication. *See* TEX. R. CIV. P. 39 (noting that a person to be joined, if feasible, is a person who "in his absence complete relief cannot be accorded among those already parties" or who has an interest in the action and disposition in his absence would "as a practical matter impair or impede his ability to protect that interest or leave any of the persons already parties subject to a substantial risk" of incurring inconsistent obligations). Furthermore, although GA-38 is a commonality between this suit and the Travis County suit, this suit, unlike the Travis County suit, turns on the specific mask mandates real parties in interest have enacted and whether real parties in interest acted ultra vires by enacting the specific mask mandates in violation of GA-38. The factual circumstances in this proceeding involve different questions than a challenge to the validity of GA-38, which is the basis of the Travis County suit.

Based on the foregoing, we conclude that this suit is not inherently interrelated to the Travis County suit. *See* TEX. R. CIV. P. 97(a); *see also In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 292-93; *In re Tex. Christian Univ.*, 571 S.W.3d at 389. As such, we cannot say that the Travis County suit has dominant jurisdiction over this suit. *See In re J.B. Hunt Transp.*,

*Inc.*, 492 S.W.3d at 292; *Gonzalez*, 159 S.W.3d at 622; *see also Gordon*, 196 S.W.3d at 383.  We therefore hold that the trial court abused its discretion by granting the verified amended plea in abatement filed by real parties in interest.  See *In re Red Dot Bldg. Sys.*, 504 S.W.3d at 322; *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 299-300; *see also Perry*, 66 S.W.3d at 252 (noting that, in general, a plea in abatement must be granted when an inherent interrelation of the subject matter exists in the two pending lawsuits).  Accordingly, we sustain relator's sole issue presented in this mandamus petition.

## Conclusion

Based on the foregoing, we conditionally grant mandamus relief and order the trial court to vacate its order granting real parties in interests' verified amended plea in abatement.[4]  We are confident the trial court will comply, and the writ will issue only if the trial court fails to do so.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson,
    and Justice Smith
Conditionally granted
Opinion delivered and filed July 20, 2022
[OT06]



---

[4] In no way do we intend for our disposition of this matter to be an expression of our opinion on the merits of relator's suit or on the validity of GA-38.